# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SUPASTAR WARE,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01185 SPM |
| | ) | |
| JOHN BOYLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Supastar Ware's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Having reviewed the Application, the Court will grant the request and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust her administrative remedies. Plaintiff's motion for appointment of counsel will be denied, without prejudice, at this time. [ECF No. 3].

## Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] Plaintiff's given name is Lamont D. Ware. She appears to be a transgendered inmate in the Missouri Department of Corrections that wishes to be referred to by the pronouns she and her.

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*. Even if the Court grants *in forma pauperis* status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her prison account statement in support of her claim.

## The Complaint

Plaintiff Supastar Ware, an inmate at Eastern Reception Diagnostic and Correctional Center (ERDCC) filed this action under 28 U.S.C. § 1983 against five (5) prison officials and the FDA/ADA Health Services for various alleged civil rights violations. [ECF No. 1].

Plaintiff describes a broad range of grievances relating to what she believes to be a "campaign of harassment" from defendants which led to her placement in segregation at ERDCC. Although her complaint is difficult to read, it appears she is asserting that she was wrongfully accused of engaging in inappropriate sexual conduct, and thereafter, she was written up, found guilty of a conduct violation and unlawfully placed into Administrative Segregation. In

addition to the aforementioned, plaintiff accuses defendants of processing improper conduct violations against her. She also states that defendants ignored her requests to see a mental health counselor.

Plaintiff seeks a plethora of relief including luxury vehicles, a jet, an estate in Kansas City, Missouri, immediate release from confinement, seven quintillion dollars in damages, and a separate check for five quintillion dollars in damages from the FDA/ADA.

In the section of the form complaint titled, "Exhaustion of Administrative Remedies/Administrative Procedures," plaintiff indicates that she failed to file an Institutional Resolution Request (IRR) or grievance with respect to the matters alleged in her complaint. Thus, it appears that plaintiff has failed to fully exhaust her administrative remedies with respect to her claims prior to bringing her action to this Court.

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation

omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicates in the complaint that she failed to file an IRR or grievance regarding the concerns in her complaint. She asserts that she did not do so because she believed that the staff acted "maliciously" against her and improperly fabricated a conduct violation. Unfortunately, fear of a fabricated conduct violation and complaints about staff at a prison are not proper excuses for failing to follow the administrative remedies required under the Prison Litigation Reform Act.

However, prior to dismissing this action, the Court will allow plaintiff time to respond to this Order to Show Cause to discuss why she failed to properly move through the administrative process in the Missouri Department of Corrections before filing her lawsuit in the District Court. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before filing his lawsuit and had not yet received a formal answer to his grievance). If plaintiff has indeed exhausted her administrative remedies, in her response to the Court, she must set forth the dates she filed her IRR(s), grievance(s) and appeal(s), if any, as well as the dates she received institutional response(s) from persons at the Missouri Department of Corrections. Plaintiff should also attach copies of her IRRs, grievances, grievance appeals, and any written responses. If she cannot obtain copies from the institution, plaintiff must explain what attempts she has made to request these documents. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to

appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel, if necessary, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff must make her remittance payable to "Clerk, United States District Court," and shall include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust her prison remedies prior to filing this action. Plaintiff must include in her show cause response the dates her IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED, without prejudice, at this time.**

Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Dated this 7th day of August, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE