UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUPASTAR WARE,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:25-CV-01185 SPM |
| | ) |
| JOHN BOYLES, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's response to the Order to Show Cause why this matter should not be dismissed due to plaintiff's failure to exhaust her administrative remedies. For the reasons discussed below, the Court will dismiss plaintiff's complaint, without prejudice, due to her failure to exhaust her administrative remedies with respect to her claims.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

---

[1] Plaintiff's given name is Lamont D. Ware. She appears to be a transgendered inmate in the Missouri Department of Corrections that wishes to be referred to by the pronouns she and her.

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On August 4, 2025, plaintiff filed the instant action brought pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights relating to her incarceration in the Eastern Reception Diagnostic and Correctional Center (ERDCC).

Plaintiff's complaint describes a broad range of grievances relating to what she believes to be a "campaign of harassment" from five named defendants which led to her placement in segregation at ERDCC. Although her complaint is difficult to discern, it appears she is asserting that she was wrongfully accused of engaging in inappropriate sexual conduct, and thereafter, she was written up, found guilty of a conduct violation and unlawfully placed into Administrative Segregation. In addition to the aforementioned, plaintiff accuses defendants of processing

2

improper conduct violations against her. She also states that defendants ignored her requests to see a mental health counselor. Plaintiff seeks a plethora of relief including luxury vehicles, a jet, an estate in Kansas City, Missouri, immediate release from confinement, seven quintillion dollars in damages, and a separate check for five quintillion dollars in damages from the FDA/ADA.

Because in the section of the form complaint titled, "Exhaustion of Administrative Remedies/Administrative Procedures," plaintiff indicated that she failed to file an Institutional Resolution Request (IRR) or grievance with respect to the matters alleged in her complaint, on August 7, 2025, the Court ordered plaintiff to show cause why this action should not be dismissed due to her failure to exhaust her administrative remedies. Instead of filing one response to the Order to Show Cause, plaintiff filed twenty-four (24) separate responses, letters and miscellaneous filings with the Court. *See* ECF Nos. 5-30. The Court has reviewed those filings in depth and found them nonsensical for the most part. Within the multitude of filings, plaintiff has failed to articulate why she has been able to avail herself of the procedural remedies offered by the Missouri Department of Corrections. As such, the Court will dismiss this action, without prejudice, due to plaintiff's failure to exhaust her administrative remedies.

**Discussion**

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)

3

(explaining proper exhaustion of remedies "means using all steps that the [prison] holds out and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

For an inmate to file a lawsuit relating the prison conditions under 42 U.S.C. § 1983, she must first exhaust the administrative remedies that are available as to that claim. 42 U.S.C. § 1997e(a). "[T]he language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal" of actions in which the administrative remedies were not exhausted prior to filing. *Johnson*, 340 F.3d at 628 (emphasis added). "Exhaustion of all remedies is set forth by the Missouri Department of Corrections Offender Grievance Procedures and must be completed prior to prisoner filing suit." *Leonberger v. Braunum*, 06-4014-CV-C-SOW, 2007 WL 495024, at *2 (W.D. Mo. Feb. 12, 2007). An inmate satisfies § 1997e(a) by pursing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). When determining whether a plaintiff failed to exhaust administrative remedies, "[i]t does not matter . . . that [plaintiff] may have been subjectively believed that there was no point in pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

The Missouri Department of Corrections utilizes a three-step procedure for its administrative remedy system for prisoners: an Information Resolution Request ("IRR"), a Grievance, and a Grievance Appeal. A prisoner must meet the requirements of each step for their remedies to be considered exhausted under the Prison Litigation Reform Act ("PLRA"). *Woodford*, 548 U.S. at 85. ("Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."); *see also* 42 U.S.C. § 1997e(a).

Plaintiff has admitted in her complaint that she has failed to exhaust her administrative remedies with the Missouri Department of Corrections prior to bringing the present lawsuit. Based on the foregoing, the Court is obligated to dismiss this action, without prejudice, until such time as plaintiff's administrative remedies are properly exhausted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's action is **DISMISSED** without prejudice for failure to properly exhaust her administrative remedies with respect to her claims.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 12th day of September, 2025.

                                                HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE